May it please the court and good morning, your honors. My name is Christopher DiIulio. I represent the petitioner and appellant Santokh Singh Parihar. Before I begin my remarks, I'd like to reserve three minutes for rebuttal, please. Mr. Parihar is a religious Sikh. He's a citizen of India who came to this country in 1998. In 1999, Mr. Parihar applied for asylum, withholding of removal. He also applied for relief under the Prevention Against Torture. That relief was subsequently withdrawn. The immigration judge denied Mr. Parihar's applications for relief. The Board of Immigration Appeals affirmed that decision, and Mr. Parihar first appealed to this court in 2004. At that point, I was appointed by this court as pro bono counsel for Mr. Parihar. Following briefing, the government agreed to not oppose a motion to remand the matter back to the Board of Immigration Appeals so that the Board can consider Mr. Parihar's claims of ineffective assistance of counsel. The Board subsequently reaffirmed its decision previously, and we've appealed back to the Ninth Circuit, bringing us here today. The Board's decision, the second decision, to again stand by the immigration judge's decision was wrong for two reasons. First, the Board decided that the motion itself, the motion for reopen, to address claims of ineffective assistance of counsel was untimely. Now, that, first off, doesn't comport with the spirit of this court's remand order, which directed the Board to consider the merits of Mr. Parihar's claims. So that's sort of the first issue. Whenever lawyers talk about the spirit, that tells me that it does comply with the letter. So how do we talk about the letter before we get to the spirit? That is a good point, Your Honor. It does, I don't believe it complies with the letter either. If you're with on that, if you can persuade us of that, I think you're going to be much better off than talking about the spirit. Fair point. The order from this court was remanding to the Board of Immigration Appeals to consider the merits of Mr. Parihar's claims of ineffective assistance of counsel. By denying the, by refusing to, well, the Board did consider them, but it gave two bases for rejecting the claim. And one was that the motion to reopen, which addressed those, was untimely. And the whole point of remanding this back to the Board of Immigration Appeals was so that the Board can consider the merits of the ineffective assistance of counsel claim. And so denying that on the basis that it was untimely really doesn't comport with the order that the Board consider the merits of the claims. It doesn't say the merits in the order, though, does it? I actually believe it does say. It says so it may consider the claim. It says it may consider the claim. That's correct, Your Honor. And it was a stipulated remand. It was, yes. So my interpretation of that order is that the Board was to consider the merits of the claim, but I do acknowledge it doesn't use the word merits. But I would stipulate that or argue that considering the claim is considering the merits of the claim. But nonetheless, the Board on the untimeliness issue was also incorrect because the Board purported to correct the ineffective assistance of counsel Mr. Perhar received from his attorney who submitted the motion for the motion to reopen, which is Mr. DiCaprio, by Mr. DiCaprio made two errors. He not only filed the motion untimely, but he also filed it in the wrong court. He filed it with the immigration judge instead of the Board of Immigration Appeals. On remand, the Board considered the motion as if it had been filed in front of the Mr. DiCaprio's heir of filing it untimely. So the Board was wrong to do that. So he gave him the benefit of the filing date before the IJ as if it had been filed with the BIA. That's correct, Your Honor. So all subsequent time that lapsed it forgave. Yes, that's correct, Your Honor. I'm not trying to put words in your mouth. I'm just trying to make sure. No, no. Yes. But then it said, okay, assuming that he had filed it with us on the day he filed the IJ, it's still untimely. Why are they wrong about that? They were wrong about that because Mr. DiCaprio, there was a clear instance of ineffective assistance of counsel. Mr. DiCaprio was retained by Mr. Perhar in August 2002. The Board's initial decision was not until October 2002, so a motion to reopen would have been due within 90 days for January 2003. During that entire time, Mr. DiCaprio had been retained and was representing Mr. Perhar. Mr. DiCaprio did not file the motion until April 2003. Right. Well, I mean, you concede that it was untimely. The question is whether or not the untimeliness should be excused because of ineffective assistance. Is that your argument? That's the argument, yes, Your Honor. Yes. You concede that Mr. DiCaprio filed the motion untimely. Yes. The Board got the untimeliness right. It just didn't address, in your view, the ineffective assistance. That's correct, Your Honor. And the ineffective assistance, that is the claim that the Board was to consider and should have considered upon remand. And so I believe that that was an error of the Board. The second error of the Board, in addition to holding the motion to reopen was untimely, was the Board also rejected the merits of Mr. Perhar's ineffective assistance of counsel claim in front of the immigration judge. The issue there is Mr. Perhar claimed in his appeal to the Board that he was denied an interpreter at his substance abuse hearing. The Board of Immigration Appeals denied that, found that he did not have ineffective assistance of counsel because at two prior hearings, well, let me back up. There were two different orders, and so I want to address both of them. But the February 5, 2008, order of the Board, which is the one that's currently before this Court, gives two bases for denying the ineffective assistance of counsel claim. The first is that Mr. Perhar's counsel in front of the immigration judge claimed that he communicated with Mr. Perhar in English. And the second is that Mr. Perhar claimed fluency in English on his application for asylum. But what the Board did not consider was the actual transcript of the proceedings in front of the immigration judge. And that's important because that's really sort of the heart of the claim of ineffective assistance of counsel. I also want to address the prior order of, before getting to what happened in front of the immigration judge, I want to address the prior order. You only have three minutes, so you ought to get to your most important argument. So the most important argument is, Your Honors, that the Board didn't analyze the actual testimony that Mr. Perhar gave before the immigration judge. And by not doing that, the Board didn't properly consider the claim of ineffective assistance of counsel. So Mr. Perhar was called to testify, and he testified that his native language is Hindi. And when he began to be examined by the immigration judge, there appears some problems with his understanding and responsiveness to the judge's questions, so much so that the judge asked Mr. Perhar at the beginning of their colloquy whether he understands English. And Mr. Perhar explains that he does understand English, but he has some problems with pronunciation. And this, at this point, the judge offered to Mr. Perhar and told him it's your choice, we can proceed in your native language if you would like. And Mr. Perhar responded that if in my native language an interpreter can be possible, it is okay. This is an attempt by Mr. Perhar to request an interpreter in response to the judge's questions. Now, these should have been red flags to Mr. Perhar's counsel, who's sitting in the fully respond to the judge's questions and exhibit problems understanding the English and attempting to request an interpreter. The judge... But the lawyer has been communicating with him in English all along, right? So he knows stuff, not just the conversation that he hears there with IJ. I mean, that's clear, isn't it? The lawyer's been communicating with him entirely in English, no translator. That is correct. And it's also correct that Mr. Perhar... It's hard to say that the lawyer is ineffective in failing to request an interpreter when he has been communicating with his own client. The lawyer might well think that, I mean, testifying to an interpreter is stilted. It has many disadvantages. And he may well have thought that the client, based on his long experience with the client in the office, that he communicates well enough. He's better off with non-interpreter. That would be a fair assumption prior to the actual testimony of Mr. Perhar where he proceeds to, in English, give non-responsive answers and inconsistent answers to the judge's questions. And that, coupled with Mr. Perhar requesting an interpreter in response to the judge's questions, those should have been red flags to his attorney that even though Mr. Perhar has some understanding of English, when it comes time to him being testifying and being examined by the judge, he's exhibiting problems. You've got about 30 seconds left. Do you want to say anything? I do, yes, Your Honor. Thank you. We'll hear from the government. Good morning. Good morning. May it please the Court, I am Mila Tavila on behalf of the Respondent, the Attorney General. The Board did not abuse its discretion in denying Petitioner's untimely motion to reopen. Petitioner's motion was filed nearly six months after the final order of removal, well past the 90-day filing deadline for such motions. He did not establish any exception to the deadline applied. Specifically, he did not ---- Didn't he allege ineffective assistance of counsel in filing it improperly and late? Your Honor, Petitioner did make the argument in his notice of appeal that Mr. Davis provided him with ineffective assistance of counsel, as well ---- No, I'm talking about Mr. DiCarpio. Yes, Your Honor, as well as Mr. DiCarpio. Okay. And he's ---- didn't he argue that Mr. DiCarpio rendered ineffective assistance by misfiling the motion? And then the Board said our actions in this decision, including the motions it's having been filed for the Board, have cured that error. Yes, a file in the wrong place, but he also alleged that he didn't file it in time. Yes, Your Honor. Even if Petitioner made out a claim of ineffective assistance, he cannot establish any prejudice because the Board decided the motion in the alternative. That is ---- Okay. So then we get to the point, then, of the merits of that motion. And then the Board said, as having been timely filed, our decision would be the same because he's raised no new issue not previously addressed in our October 2002 decision. Yes, Your Honor. Okay. So that's the Board's decision. He did not raise a new issue. Yes, Your Honor. Well, didn't he raise the question of being married and receiving an I-130? Your Honor, Petitioner's motion to reopen on page 88 of the administrative record states that he has married a United States citizen. He, however, did not supply the Board with an application to adjust status as is required under the prevailing regulations. Okay. Now, that's not what you said, though, is it? You didn't say that he didn't file the I-130 as required. That's not the basis of the Board's decision. It is required under the prevailing regulations. I understand it's required, but the Board did not say that in its opinion. Correct, Your Honor. The Board did not specifically say that. They did, however, consider his adjustment of status of his statement that he had married a U.S. citizen and did decline to reopen on that basis alone. No. They said he raised no new issue. That's the basis on which they declined. In the paragraph that Your Honor is referring to, they are addressing the ineffective assistance of counsel claims. Specifically, the new claim, excuse me, the Board is stating that it's curing the misfiling of the motion and also determining that even if counsel committed an error in filing late, they are curing that by considering in the alternative that he's raised no new facts warranting reopening. There's no issue with the fact that he was married and had an I-130 petition? The Board is not unable to reopen the proceedings until he provides them with an application for adjustment of status. All right. Now, you said that he didn't raise the issue. Not you. I'm sorry. The Board based its decision on a failure to raise any new issue. Petitioner did state that he had married a United States citizen, but he didn't request adjustment of status, and he didn't provide an application for adjustment of status. If the ball is in Petitioner's court, he may still request reopening and provide the Board with a motion to reopen with the application for adjustment of status. He has not done so. The Board decision doesn't say we deny it because he didn't provide us with the backup information. It said he didn't raise any new issue. The Board did not detail the different No, no, not detail. It said that he didn't raise anything new. That's not a detail. In the paragraph that Your Honor is referring to, they are considering the ineffective assistance of counsel claim, and they're referring back to the 2002 decision in which they took care of all of the issues Petitioner raised in reference to Mr. Davis, which are the language barriers. Well, then what about the claim about Mr. DiCaprio's ineffective assistance? Your Honor, Petitioner did not exhaust those arguments before the Board. He did not raise them in his letter brief to the Board. Is that said in the decision? No, Your Honor. No. The basis in the decision is that the jurisdictional issues, which would include the failure to raise it, that those issues are cured. And if we were to consider the motion, that's to be denied on the ground that he didn't raise a new issue. Now, I'm not suggesting that he failed all the papers that were necessary, but I'm saying that's not the basis of the Board's decision. The basis of the Board's decision is that he didn't raise any new issue. Your Honor, our position is that the Board is explaining that he did not raise any new issues warranting reopening. Stating that you've married a United States citizen is insufficient, particularly here where Petitioner testified he's married to a woman in India, has children in India, has provided no chroma fetus. The way you do that in a Board decision, you explain all the reasons that you want to give, and then you decide the issue. You don't say he didn't raise any other issue. It is our position that the Board is explaining that he did not raise sufficient facts to warrant a new evidentiary hearing on the motion. As I was saying, Petitioner did not make out an ineffective assistance of counsel claim, and even if he had, he cannot establish any prejudice, because the Board decided the motion in the alternative. Additionally, regarding all Petitioner's concerns about Mr. Davis, those issues were determined in the Board's order of October 2002. That decision was not appealed from in this Court, and this Court is without jurisdiction to consider those issues. I'm reading the Board decision a little bit differently, but it looks to me as though the Board was considering the adjustment of status eligibility in a separate paragraph from the ineffective assistance. Is that right? Yes, Your Honor. That is correct. So looking at that alone, here's what the Board says. Finally, the Respondent's potential eligibility for adjustment of status based on his marriage provides no basis to exempt him from the timeliness requirements for filing of a motion to reopen. Right? Right. So that's the basis of the decision on adjustment of status, that it was untimely. Yes, Your Honor. So if, in fact, we concluded that the timeliness requirement was satisfied because of ineffective assistance, the Board would have to consider the adjustment of status on the merits, right? The Board would have to consider the adjustment of status on the merits. Right. And there's nothing in here. I mean, you keep saying he didn't provide this, he didn't provide that, and maybe I'm just repeating what Judge Reiner was saying. But I don't see where they discuss the adjustment of status on the merits. They just say it's not timely. Petitioner did not file an application for adjustment of status with the Board. That's why the Board did not address the merits. No, it just says it does not excuse him from the timeliness requirements. That's the only discussion, right? Yes, Your Honor. But if timeliness falls out, then the Board should reach it on the merits, correct? Yes, Your Honor. But the Board determined the case in the alternative. That is, first of all, it is untimely. He has not made out a claim of ineffective assistance. And alternatively, even if timely, he has not provided new facts for warranting reopening. Well, the way I read it, I thought we were in agreement, but maybe we're not. I thought that when they talked about the no new facts, they were talking about and they really hadn't considered the adjustment of status on the merits, because it's a whole different paragraph. It says, finally, his potential eligibility does not excuse him from timeliness. So it looks to me as though they're deciding the adjustment of status question purely on timeliness, not on the merits. And the timeliness issue then falls into the IAC. It's a prior paragraph. And, in fact, if it's told or if they got it wrong, then it goes back, right? Your Honor, our position is that the Board correctly determined that the motion to reopen was untimely. And so he had to establish that an exception applied. He has not established ineffective assistance on the face of the record or by complying with the ZOTMAP. Now, let me ask you about that. There were two aspects of ineffective assistance of counsel that were alleged. One was the failure to file an appeal in a timely manner, and the second one was he filed in the wrong court. Now, the BIA cured the second one. Where did it address the first one on the merits? Your Honor, Petitioner made a vague statement in his notice of appeal that there was an untimeliness of filing of the motion to reopen. How is that vague? It was untimely. The Board said it was untimely. He said, my excuse is, you know, my attorney didn't file it timely even though he was supposed to. Why isn't that ineffective assistance on his face? Your Honor, this case is distinguishable from Rodriguez-Larez, for example, where this Court found that ineffective assistance of counsel is clear on the face where the same attorney represents the individual in the merits and then on appeal. Here, Mr. DiCaprio did not represent Petitioner on the merits. And the statement, the account statement that Petitioner provided with his motion indicates that Mr. DiCaprio wasn't even hired to do a motion to reopen until March of 2003. That's already three months past the filing deadline for such a motion. Right. My question wasn't necessarily the merits. I'm just asking, where in the Board opinion did they address it? They addressed the first one, saying you filed in the wrong court. It doesn't appear to me that they addressed the argument that it was untimely. The untimeliness should be excused because of ineffective assistance of counsel in filing it in a timely manner. Well, as I stated earlier, Your Honor, Petitioner did not assert any ineffective assistance of counsel by Mr. DiCaprio in his brief to the Board. And so his one-line sentence that it was untimely filed by his attorney was insufficient in the notice of that statement and the notice of appeal. It was perhaps insufficient for the Board to address that issue, which now Petitioner on appeal to this Court raises in his brief. But you would concede. Your Honor, our position is that the Board found that Petitioner's solution was untimely. I know your position is. What your position is, your conclusion, but the argument supported, is not in the Board decision. Okay. All right. I thought I heard you mention Lozada. No, you didn't. Yes, I did, Your Honor. I guess I did. I mean, I thought I heard it. No, I think you said Lozada, but I was wondering why, because Lozada is not in the Board's opinion. And so is Lozada in play here? Is this an argument we can consider? Yes, Your Honor. This Court in determining ineffective assistance of counsel claims regarding late filing or not filing a motion to reopen by counsel has applied the Lozada standards. And here Petitioner has been. If the Board applies it, but the Board can excuse strict compliance with Lozada. It's not a statute of limitations or a jurisdictional rule. The Board could. And in this case, the Board's opinion makes no reference to Lozada at all. I'm just wondering whether it's in play. I thought you also had Lozada in your brief, but I'm just curious how do we have any cases from our court where we consider Lozada when the Board has not rested its ruling on Lozada? I do not have a list of those cases on hand, Your Honor. I would be happy to supply the Court with support. One is enough. You don't need a list. I can say that in Rodriguez-Larez, this Court used the Lozada standards in order to determine. Right. But the Board had discussed Lozada and Rodriguez. I mean, the whole point is we deal with the Board decision. And I know the government's argued many times, don't go inventing reasons. If you're going to grant a petition, you've got to send it back to the Board to develop on a full record. But you're sort of arguing to us that we should invent reasons that aren't contained in the Board decision to justify it. Your Honor. I mean, it's a fair standard for both. Your Honor, under the binding precedent of this Court, this Court applies, has reviewed a denial of a motion to reopen for abuse of discretion and in determining whether it was an effective assistance of counsel, has applied the Lozada standards. Not when the Board hasn't rested it. The Board is not required to provide an exegesis on all the reasons it denied a motion to reopen. The question before this Court is whether there was an abuse of discretion. Here, it's not clear on the face of the record that Petitioner's counsel provided an effective assistance. Thank you. And he did not comply with Lozada. Thank you. Thank you, Your Honors. You have 30 seconds. But we gave your time to the opposing counsel. I think it was best used that way. Case is argued. We'll stand submitted.
judges: Kozinski, Reinhardt, Thomas